I believe that the discussion of the relative ethics of salaried lawyer employees of Allstate and private sector attorneys contained in the majority opinion is irrelevant, as no facts are shown in the record that would justify holding for, or against, Allstate on that basis. I can only observe that anyone who believes that in conflict of interest situations, a salaried lawyer employee of Allstate would not place the welfare of the corporation above that of the policy holder, who theoretically he represents, probably also believes in the Tooth Fairy and the Easter Bunny.

I would issue the injunction.

Before GAITAN, P.J., and DIXON and TURNAGE, JJ.

### ORDER

PER CURIAM:

Appeal from modification of dissolution decree increasing child support.

Judgment affirmed. Rule 84.16(b)

---

**Bill W. COLLINS, Appellant,**

v.

**Sherry Ayres COLLINS, Respondent.**

**No. WD 38123.**

Missouri Court of Appeals, Western District.

Oct. 28, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Dec. 23, 1986.

Application to Transfer Denied Feb. 17, 1987.

Roy W. Brown, Bruce B. Brown, Brown & Brown, Kearney, for appellant.

David K. Holdsworth, Krebbs and Holdsworth, Liberty, for respondent.

---

**STATE of Missouri, Respondent,**

v.

**Gerald HUFF, Appellant.**

**No. WD 38071.**

Missouri Court of Appeals, Western District.

Nov. 18, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 23, 1986.

Application to Transfer Denied Feb. 17, 1987.

Sean O'Brien, Public Defender, Todd Wilhelmus, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.